# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL TOPETE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RAMOS FURNITURE; and DOES 1-100, inclusive, <br><br> Defendants. | **Case No. 1:16-cv-00271-EPG** <br><br> **ORDER ON MOTION TO AMEND COMPLAINT** <br><br> (ECF No. 46) |

On August 4, 2016, this Court heard the Motion to Amend the Complaint of Plaintiffs Marisol Topete and Rosalba Maldonado ("Plaintiffs"). (ECF No. 90.) Daniel Kopfman appeared telephonically for Plaintiffs. Paul Bauer appeared for Defendants. The Court further considered the arguments of counsel on the record at the time of the hearing. The Court ruled from the bench on the motion and incorporates that ruling herein. For the reasons described on the record and in this Order, the Court issues the following written order confirming its ruling on Plaintiffs' motion to amend.

Plaintiffs ask for leave to amend the Complaint to add Furniture Deals, Inc. and Dima Manuel, Inc. as defendants.[1] Plaintiffs also ask to add factual allegations asserting that Furniture Deals, Inc. is the successor in interest to Dima Manuel, Inc. Plaintiffs claim that the

---

[1] The parties also refer to "Dimas Manuel, Inc."; the Court interprets this distinction as a typographical error.

1

discovery process has uncovered facts demonstrating that Dima Manuel, Inc. operated the Ramos Furniture store that employed Plaintiff Maldonado. Defendants do not object to the addition of Furniture Deals, Inc.—Furniture Deals, Inc. is merely the legal name for at least some of the entities operating as Ramos Furniture—but object to the addition of Dima Manuel, Inc. and assert evidentiary and sufficiency objections to the allegation of successor in interest liability. Defendants contend that the facts of the case do not support successor liability against Dima Manuel, Inc. and that any amendment would thus be futile.

Federal Rule of Civil Procedure 15(a) provides that amendments shall be granted "freely when justice so requires." The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Under Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

The Court finds that Plaintiffs' proposed amendment would not unduly prejudice Defendants and is not sought in bad faith. Although Plaintiffs' allegations may ultimately be subject to a future dispositive motion, the evidence on the record before the Court at this time does not indisputably demonstrate that the amendment would be futile. Nor need Plaintiffs demonstrate at this point in the case that successor liability exists as a matter of law. An allegation in a complaint only requires an attorney to represent "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Thus, Plaintiffs need only have *some* factual basis to add the disputed allegations, even if that basis would be objectionable at trial (as, for instance, hearsay).

2

Accordingly, the Court finds that there is no basis to deny the motion for leave to amend. The Motion for Leave to Amend the Complaint (ECF No. 46) is GRANTED. Plaintiffs shall file the First Amended Complaint no later than **August 11, 2016**.[2]

IT IS SO ORDERED.

Dated: **August 16, 2016**

/s/ Eric P. Grosj

UNITED STATES MAGISTRATE JUDGE

---

[2] As discussed on the record, Plaintiffs may also correct any typographical errors in the proposed first amended complaint attached to the motion before filing it with the Court.