# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL TOPETE and ROSALBA MALDONADO,<br><br>Plaintiffs,<br><br>v.<br><br>RAMOS FURNITURE; FURNITURE DEALS, INC.; DIMAS MANUEL, INC.; and DOES 1-100, inclusive,<br><br>Defendant. | Case No.: 1:16-cv-00271-EPG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 131) |

It has been almost three years since Marisol Topete and Rosalba Maldonado ("Plaintiffs") filed this case, and Plaintiffs have still been unable to obtain even basic discovery. The Court has held multiple conferences and extended the schedule in the hopes that Furniture Deals, Inc., dba Ramos Furniture sued herein as Ramos Furniture and Furniture Deals, Inc. ("Defendant") would participate in discovery and the case could proceed on the merits. Defendant's counsel has withdrawn from representation based in part on the understanding that Defendant was no longer participating in litigation. Plaintiffs have obtained an order compelling discovery and Defendant has not responded. Plaintiffs now move for a default judgment, and Defendant has not opposed that request.

For the reasons given below, the Court will grant Plaintiffs' request for entry of default as

1

to Defendant Furniture Deals, Inc., dba Ramos Furniture. (ECF No. 131). The Court requests further briefing and sets a case management conference to resolve issues related to issuance of a judgment in this case.

**I.  BACKGROUND**

On February 25, 2015, Plaintiffs filed a class action complaint against Ramos Furniture, alleging violations of the Fair Labor Standards Act, California Labor Code, California Industrial Welfare Commission Work Order, and California Business and Professions Code. (ECF No. 1.) On March 26, 2015, Furniture Deals, Inc., dba Ramos Furniture appeared in the action through its counsel, Paul J. Bauer, Esq. (ECF No. 6.) On February 26, 2016, the action was transferred to this Court from the Northern District of California. (ECF No. 65.)

On August 10, 2016, Plaintiffs filed a First Amended Complaint, joining Dimas Manuel, Inc. and Furniture Deals, Inc. as party defendants. (ECF Nos. 79, 81, 83.) On August 29, 2016, Furniture Deals, Inc., dba Ramos Furniture filed an answer. (ECF No. 84.) On June 6, 2017, the Court entered a default judgment against Dimas Manuel, Inc. (ECF No. 115, 116.) This action is currently proceeding on Plaintiffs' First Amended Complaint.

On August 4, 2016, the parties appeared for a scheduling conference before this Court. (ECF No. 78.) On August 16, 2016, the Court issued a scheduling order providing that all discovery regarding class certification and the defendant entities be completed no later than February 28, 2017, and all non-expert discovery be completed no later than October 27, 2017. (ECF No. 82.)

On November 29, 2016, the parties requested a Telephonic Informal Discovery Dispute Conference. (ECF No. 86.) The parties appeared for the Conference on December 1, 2016, and the Court granted Plaintiffs permission to file a motion to compel. (ECF No. 87.) On December 5, 2016, the parties filed a stipulation and proposed order to extend the non-expert discovery regarding class certification and the defendant entities to May 29, 2017, which the Court signed. (ECF Nos. 88, 89.)

On April 21, 2017, Plaintiffs filed a motion to compel further discovery responses, specifically the names and telephone numbers of putative class members. (ECF No. 102.) On

May 4, 2017, the parties filed a stipulation to modify and extend, among other things, the non-expert discovery deadline to March 16, 2018. (ECF No. 104.) The Stipulation stated that Isidro Ramos, a principal of Furniture Deals, Inc., dba Ramos Furniture, "is no longer willing and/or able to participate in litigation" because he has "experienced a relapse of a prior medical condition and is battling personal challenges that prevent him from being able to effectively attend mediation and is unable to respond to Plaintiff's discovery requests at this time." *Id.* At a hearing on May 19, 2017, the Court granted Plaintiffs' motion to compel and granted leave to move for sanctions. (ECF No. 107.) The Court also vacated the non-expert discovery deadline. *Id.* On June 6, 2017, the Court issued an order, directing Defendant to respond to Plaintiff's interrogatories and requests for production within 30 days. (ECF No. 114.)

On or about June 27, 2017, the parties again requested a discovery dispute conference. (ECF No. 117.) On July 6, 2017, an Informal Discovery Dispute Conference was held at which the Court granted Plaintiffs leave to file a motion to compel and a motion for sanctions. (ECF No. 120). The Court warned Defendant that failure to participate in discovery and/or non-compliance with the Court's orders will result in sanctions, which may include terminating sanctions. *Id.*

On June 29, 2017, Paul J. Bauer, Esq. filed a motion to withdraw as counsel for Defendant. (ECF No. 118.) Mr. Bauer stated that he had received consent to withdraw from the case, and was informed by Defendant that it "no longer intend[] to defend itself and has asked him not to perform any other work." (ECF No. 118-1 at 5.) On July 26, 2017, the Court relieved Paul J. Bauer, Esq. as counsel of record for Defendant. (ECF No. 126.) Attorney Bauer appeared with Isidro Ramos. Attorney Daniel Myers Kopfman appeared on behalf of Plaintiffs. *Id.* The Court explained the requirements for participating in the case going forward. In its order, the Court stated, "Defendants Ramos Furniture and Furniture Deals, Inc. shall ***not*** be permitted to proceed without an attorney in this action. If Defendants do not secure alternate counsel, they will be subject to default judgment." *Id.* Defendant is not currently represented by counsel.

On July 24, 2017, Plaintiffs filed a Motion to Compel Discovery Responses, arguing that Defendant had failed to respond to Requests for Admission and Interrogatories under Fed. R.

3

Civ. P. 33 and 36. (ECF No. 123.) On September 5, 2017, the Court granted Plaintiffs' motion, and directed Defendant to serve written responses to Plaintiffs' Interrogatories within 10 days. The Court also granted Plaintiffs leave to move for any sanctions, including a default judgment and attorney's fees, without further order of the Court. (ECF No. 130.)

Now before the Court is Plaintiffs' motion, pursuant to Fed. R. Civ. P. 37 and 55(a), for a default judgment against Defendant. (ECF No.131.) Defendant has not filed any opposition.

## II. DISCUSSION

### A. Legal Standard

Rule 37(d) of the Federal Rules of Civil Procedure provides, in relevant part, that if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response," the court "where the action is pending may, on motion, order sanctions." The allowable sanctions include, among others, "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi), 37(d)(3).

Courts have discretion in imposing sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). Nevertheless, to determine whether default is an appropriate sanction, a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir.2004) (quoting *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987)). The Ninth Circuit Court of Appeals has stated that this multi-factor test is "not mechanical," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007), and the court "need not make explicit findings regarding each of these factors," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Rather, the test "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co.,* 482 F.3d at 1096.

In addition, a court is permitted to impose the sanction of dismissal or default under Rule

4

37 only in "extreme circumstances." *In re Exxon Valdez,* 102 F.3d 429, 432 (9th Cir.1996). "Where the sanction results in default, the sanctioned party's violations must be due to the 'willfulness, bad faith, or fault' of the party." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). "'[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

**B.     Analysis**

"The first two of [the five factors] favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). This is true for this case as well. Thus the key factors are prejudice and availability of lesser sanctions. *Id.*

"[S]anctions which interfere with the litigants' claim or defenses violate due process when they are imposed 'merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case.'" *Wanderer*, 910 F.2d at 656 (citing *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 591 (9th Cir.1983)). There must be a showing of a risk of prejudice to the party in whose favor the sanctions would be awarded because of the opposing party's actions. Prejudice arises when the ability to go to trial of the party seeking sanctions is impaired. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). "Failure to produce documents as ordered, however, is considered sufficient prejudice. . . . [C]ontinuing refusal to comply with court-ordered production of documents constitutes interference with the rightful decision of the case." *Adriana International*, 913 F.2d at 1412.

Defendant has failed to respond to discovery requests. (ECF Nos. 87, 102, 107, 120.) Defendant has failed to comply with court orders. (ECF Nos. 114, 123.) Defendant has failed to secure counsel. (ECF No. 126.)  And, Defendant's principal has stated that he does not wish to and does not intend to defend this action. (ECF Nos. 104, 118-1.) Defendant's actions have drawn this case to a standstill, making it impossible for Plaintiffs to prepare or proceed to trial. It is hard to imagine more prejudicial conduct. Thus, the third factor strongly weighs in favor of rendering a

default judgment against Defendant.

The fifth factor also weighs in favor of sanctions. The fifth factor requires the Court to consider alternate, less severe, sanctions before ordering dismissal. It involves consideration of three subparts: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)). However, "explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." *Malone*, 833 F.2d at 132.

There have been multiple motions, conferences, and hearings to compel Defendant's participation in discovery. (ECF Nos. 87, 92, 102, 107, 114, 120, 123.) The Court has modified the scheduling order to accommodate the parties. (ECF Nos. 89, 107.) The Court has issued two orders compelling Defendant's participation in the discovery process. (ECF Nos. 114, 123.) The Court has also warned Defendant that a default judgment could be issued if it failed to defend this action. (ECF Nos. 120, 126.) Defendant, however, has intentionally and blatantly disregarded the Court's orders. Under these circumstances, the court finds no alternative lesser sanction is appropriate. *See Wanderer*, 910 F.2d at 656 (default appropriate sanction where Defendant repeatedly failed to comply with discovery orders); *see also Computer Task Group, Inc.*, 364 F.3d at 1116–17 (alternative of lesser sanctions was appropriately considered where the court anticipates continued lack of cooperation and had put a party of notice that continued failure to cooperate in discovery would result in default). Thus, the fifth factor also weighs in favor of rendering a default judgment against Defendant.

Therefore, the Court finds that four of the five factors favor entry of default. Defendant's representative has chosen to attempt to escape the reality of this lawsuit by ignoring it. But, the Court cannot allow him to do so at the expensive of justice for the Plaintiffs. Accordingly, Plaintiffs' motion for a default judgment is granted.

\\\

\\\

### III. CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Plaintiffs' motion for sanctions is GRANTED;
2. The scheduling order, (ECF No. 82), is hereby VACATED;
3. A "case management conference" is hereby set for January 16, 2018 at 10:30 a.m.; and
4. Plaintiffs shall file a brief no later than January 12, 2018, with a written proposal of how to proceed going forward, along with any relevant legal authority for the Court's consideration prior to the conference.

IT IS SO ORDERED.

Dated: **December 4, 2017**

/s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE